IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHIM R. CALDWELL,<br>         Plaintiff,<br><br>     v.<br><br>CUMBERLAND COUNTY COLLEGE<br>and KENNETH ENDER,<br>         Defendants. | CIVIL NO. 08-4382(NLH)(AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**
Rahim R. Caldwell
P.O. Box 423
Forked River, NJ 08731-0423
    Appearing pro se

Michael Louis Testa, Sr.
Basile & Testa, Pa
424 Landis Avenue
Po Box 749
Vineland, NJ 08360
    On behalf of defendants

**HILLMAN**, District Judge

   This matter having come before the Court on the parties' cross-motions for summary judgment, as well as plaintiff's "Motion to Strike Affidavit of Non-Party Joseph L. Hibbs"; and

   Plaintiff having filed a complaint alleging that defendants violated his constitutional rights when he was sanctioned for violating the student code while a student at Cumberland County College; and

   More specifically, plaintiff claiming that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment rights to substantive and

procedural due process,[1] when they suspended him from school for two years because he was "disrespectful, insubordinate, intimidating and hostile" (Def. Ex. C.), and predicated re-admission upon his completion of a formal anger management or civil behavior therapy program; and

Defendants having moved for summary judgment, substantively challenging the validity of plaintiff's claims; but

Defendants having also moved for summary judgment based on the principle of *res judicata*; and

It appearing that plaintiff has filed identical claims against the College in this District twice before--October 17, 2007 (Civ. A. No. 07-4997) and March 25, 2008 (Civ. A. No. 08-1728); and

In both of those previous actions, Judge Jerome B. Simandle having *sua sponte* reviewed plaintiff's claims, and in the first matter, Judge Simandle having dismissed plaintiff's case without prejudice for failure to comply with the basic pleading requirements, and in the second matter, Judge Simandle having granted plaintiff 15 days to cure the same deficiencies as the first or his case would be dismissed with prejudice; and

It appearing that plaintiff did not follow Judge Simandle's order, that action was dismissed with prejudice, and plaintiff re-filed his complaint for the third time, which was assigned to this

---

[1] Plaintiff also sought injunctive relief, which was previously denied by this Court. (Nov. 9, 2009 Op., Docket No. 34.)

Court;[2] but

This Court finding that plaintiff's current complaint--and third attempt to prosecute his claims against the College--is barred by the doctrine of *res judicata*; and

The Court noting that claim preclusion applies "when there is a final judgment on the merits involving the same parties or their privies and a subsequent suit based upon the same causes of action," Byrd v. City of Philadelphia, 245 Fed. Appx. 208, 210 (3d Cir. 2007) (citing United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984) ("Rather than resting on the specific legal theory invoked, *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims . . . .")); and

The Court finding that plaintiff's complaint here advances claims regarding his suspension from Cumberland County College, which is the identical factual predicate for his prior two actions; and

The Court further finding that Judge Simandle has already dismissed with prejudice plaintiff's claims, and that the dismissal constituted a final judgment on the merits, see Fed. R. Civ. P.

---

[2]In plaintiff's first matter before Judge Simandle, he sought the recusal of Judge Simandle because he claimed that he was "prejudiced" against him.  Judge Simandle denied plaintiff's motion.  When plaintiff's second matter was again assigned to Judge Simandle, Judge Simandle noted, "It mocks the system which permits the pro se filing of complaints in forma pauperis for Mr. Caldwell to submit serial pleadings which he knows to be defective under the Rules."  (July 21, 2008 Order, Civ. A. No. 08-1728.)  Plaintiff is again proceeding pro se and in forma pauperis in the instant matter.

41(b) (stating that other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party, a dismissal--either involuntary or by motion--operates as an adjudication on the merits); and

Therefore, the Court finding that as of August 5, 2008, plaintiff's claims against Cumberland County College (and its privy, the College's former president, Kenneth Ender) regarding his suspension were forever barred;[3]

Accordingly,

IT IS HEREBY on this 28th day of January, 2010

ORDERED that defendant's motion for summary judgment [27] is GRANTED, plaintiff's cross-motion [40] is DENIED, and plaintiff's motion to strike the affidavit of Joseph Hibbs [43] is DENIED as moot; and it is further

ORDERED that the Clerk of the Court is directed to mark this matter as CLOSED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[3] Plaintiff filed this action on September 2, 2008. Even if plaintiff's claims were not barred by *res judicata*, they are substantively meritless. The Eighth Amendment only applies to conduct arising out of the criminal process, accord Ingraham v. Wright, 430 U.S. 651, 671 (1977), plaintiff received proper procedural due process, see Goss v. Lopez, 419 U.S. 565, 572 (1975), and plaintiff was not deprived of any substantive due process right, see Nicholas v. Pennsylvania State University, 227 F.3d 133, 141-142 (3d Cir. 2000); Mauriello v. University of Medicine & Dentistry of New Jersey, 781 F.2d 46, 50 (3d Cir. 1986).

4