```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RAHIM R. CALDWELL,<br>          Plaintiff,<br><br>     v.<br><br>CUMBERLAND COUNTY COLLEGE<br>and KENNETH ENDER,<br>          Defendants. | CIVIL NO. 08-4382(NLH)(AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**
Rahim R. Caldwell
P.O. Box 423
Forked River, NJ 08731-0423
     Appearing pro se

Michael Louis Testa, Sr.
Basile & Testa, Pa
424 Landis Avenue
PO Box 749
Vineland, NJ 08360
     On behalf of defendants

**HILLMAN**, District Judge

    This matter having come before the Court on plaintiff's motion for reconsideration of the Court's January 28, 2010 decision granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment on plaintiff's claims that defendants violated his constitutional rights when he was sanctioned for violating the student code while a student at Cumberland County College; and

    The Court having made its decision on two bases: (1) on the principle of *res judicata* because plaintiff had filed identical claims against the College in this District twice before--October 17, 2007 (Civ. A. No. 07-4997) and March 25, 2008 (Civ. A. No. 08-

1728)--both of which cases were dismissed, the second one "with prejudice"[1]; and (2) they are substantively meritless, as the Eighth Amendment only applies to conduct arising out of the criminal process, accord Ingraham v. Wright, 430 U.S. 651, 671 (1977), plaintiff received proper procedural due process, see Goss v. Lopez, 419 U.S. 565, 572 (1975), and plaintiff was not deprived of any substantive due process right, see Nicholas v. Pennsylvania State University, 227 F.3d 133, 141-142 (3d Cir. 2000); Mauriello v. University of Medicine & Dentistry of New Jersey, 781 F.2d 46, 50 (3d Cir. 1986); and

    Plaintiff seeking reconsideration of that decision, arguing that concerns of equitable estoppel "trump" the *res judicata* issue; and

    Plaintiff's motion having ostensibly been filed pursuant to Local Civil Rule 7.1(i); and

    Rule 7.1(i) providing, in relevant part, "A motion for

---

[1] Plaintiff argues in his motion that Judge Simandle never entered an order dismissing his second action "with prejudice." Plaintiff's position is unsupportable, because Judge Simandle specifically ordered that plaintiff's complaint was to be dismissed with prejudice if he did not refile a proper complaint with 15 days. (See Civ. A. 08-1728, Docket No. 2 at page 4.) Because plaintiff failed to file a new complaint within 15 days, the Clerk carried out the termination of plaintiff's case. For plaintiff's case to be dismissed with prejudice, Judge Simandle was not required to re-order the same relief at the expiration of the 15 day window. Furthermore, even if plaintiff misunderstood Judge Simandle's order, and filed a revised complaint in a new action, rather than in 08-1728, he still failed to comply with the order, as the complaint was not filed in this case until September 2, 2008, when it was due in Judge Simandle's case on August 5, 2008.

2

reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd.

of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

Plaintiff not having filed his motion within the 10 days prescribed by the Rule, as it was due February 7, 2010, and it was not filed until February 16, 2010; and

Plaintiff further not presenting to the Court any change in law or the discovery of any new evidence since the entry of the Court's Order; and

Plaintiff also not demonstrating that the Court needs to correct a clear error of law or fact or to prevent manifest injustice;

Accordingly,

IT IS HEREBY on this 8th day of April, 2010

ORDERED that plaintiff's motion for reconsideration [48] is DENIED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.